

**SIGNED this 24 day of April, 2006.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

In re:   No. 05-15059
     Chapter 7
HILLARD VESTER WALL,

    Debtor.


AMERICAN EXPRESS BANK, FSB,

    Plaintiff,

v.   Adv. Pro. 05-1218

JR WALL,
a/k/a HILLARD WALL
a/k/a HILLARD VESTER WALL, JR.,

    Defendant.

### MEMORANDUM OF LAW

This matter is before the court on the motion pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Rule 7012(b), by the defendant, Hillard Vester Wall, Jr. (hereinafter "Debtor") to dismiss the complaint of the plaintiff, American Express Bank, FSB (hereinafter "the Bank") for failure to state a claim for which relief may be granted.  The Debtor also relies upon the provisions of Fed. R. Bankr. P. 7009(b), made applicable by Rule 9 of the Federal Rules of Civil Procedure, for failure to satisfy that rule's particularity requirements.  The Bank has filed a response to the Debtor's motion.

In reviewing a motion to dismiss the complaint, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  Furthermore, to survive a Rule 12(b)(6) motion, the complaint ". . .must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Andrews v. Ohio,* 104 F.3d 803, 805 (6th Cir. 1997)(*quoting In re DeLorean Motor Co.*, 991 F. 2d 1236,1240 (6th Cir. 1993)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  Finally, the purpose of a motion to dismiss ". . . is to test the sufficiency of the complaint, not to decide the merits of the case." *Abroms v. Kern (In re Kern)*, 289 B.R. 633, 637 (Bankr. S.D. Ohio 2003).

In this proceeding, the Bank seeks a determination that the indebtedness owed by the Debtor to the Bank for charges incurred on three separate credit card accounts is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (C).  These subsections except from a debtor's discharge any debt

. . . .

>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>
> . . . .
>
> or
>
> (C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,225 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title, or cash advances aggregating more than $1,225 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 60 days before the order for relief under this title, are presumed to be nondischargeable;[1]

11 U.S.C. § 523(a)(2)(A), (C) (2004).

The Bank's complaint alleges that the Debtor incurred consumer debts for cash, luxury goods or services for all three accounts aggregating $10,737.01 between June 10 and August 16, 2005, which includes the 60-day time period immediately preceding the Debtor's bankruptcy petition of August 16, 2005, and conversion to chapter 7 on August 31, 2005, thus raising the issue of a statutory presumption of non-dischargeability of at least a portion of the indebtedness described in the complaint. This is sufficient to withstand the motion to dismiss. The discovery process itself will substantiate or defeat the allegations.

With respect to that portion of the indebtedness incurred by the Debtor more than 60 days immediately preceding his bankruptcy petition, the Bank relies upon the

---

[1] The debtor commenced his bankruptcy case prior to the effective date for the 2005 amendment to the bankruptcy provisions of the United States Code, 11 U.S.C. § 101, *et seq*. Therefore, this case is governed by the language of the Bankruptcy Code prior to the 2005 amendment.

provisions of subparagraph (A) for the purpose of declaring the debts non-dischargeable. Since the Bank has alleged fraud in its complaint, the motion to dismiss must be decided in light of the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See American Express Travel Related Services Co. v. Heinein, 257 B.R. 702 (E.D.N.Y. 2001).* Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . .Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Since "little direct, purposeful contact between the credit card issuer and the credit card holder [occurs] either at the inception or over the course of the relationship between the parties," pleading fraud with particularity creates some difficulties for the objecting creditor. *In re Akdogan*, 204 B.R. 90,94 (Bankr. E.D.N.Y. 1997). The provisions of 11 U.S.C. § 523(a)(2)(C), discussed previously, afford a presumption of non-dischargeability; however, the requirement of proof of the debtor's intent with respect to allegations of fraud relies primarily upon circumstantial evidence. In addressing the issue of fraud in the use of a credit card, the Sixth Circuit has held that ". . .the proper inquiry to determine a debtor's fraudulent intent is whether the debtor subjectively intended to repay the debt." *Rembert v. AT&T Universal Card Services, Inc., 141 F.3d 277, 281 (6th Cir. 1998).* Determination of the debtor's intent or lack thereof is ascertained by the totality of the circumstances. *Id.* at 282. *(citing AT & T Universal Card Services Corp. v. Feld (In re Feld), 203 B.R. 360, 367* (Bankr. E.D. Pa. 1996). The *Rembert* court lists the non-exclusive factors to consider when determining the debtor's intent, including the length of time between the charges and the bankruptcy petition; whether or not the debtor consulted an attorney about bankruptcy prior to incurring the charges; the number of charges; the amount of charges; the financial

condition of the debtor when the charges were incurred; whether the charges exceeded the credit limit; whether the debtor made multiple charges on the same day; the debtor's employment status; the debtor's prospects for employment; the debtor's financial sophistication; whether there was a sudden change in purchasing habits; and whether the purchases were made for luxuries or necessities. *Rembert*, 141 F.3d at 282 n.3. However, "[b]aldly asserting the legal elements of a claim for fraud without the necessary factual allegations is not enough to survive a motion to dismiss." *American Exp. Travel Related Services Co., Inc. v. Henein*, 257 B.R. 702, 707 (E.D.N.Y. 2001). In reviewing the Bank's complaint, the court finds that it includes sufficient factual allegations under the *Rembert* standard to survive a motion to dismiss, in addition to the legal elements of a claim for fraud. Specifically, the Bank's complaint includes allegations of dates, amounts charged to the three accounts, cash advance descriptions, and payees. The complaint also includes information concerning the Debtor's financial situation at the time of the filing of the petition, as well as allegations concerning charges incurred by the Debtor after consultation with and payment to his bankruptcy attorney. The complaint also alleges that the Debtor manifested a subjective intent not to repay his obligations to the Bank, and that he incurred the debt with the knowledge that he was unable to repay it. The Bank asserts that it justifiably relied upon these representations. The Bank further alleges false pretenses, false representation, or actual fraud by the Debtor in incurring certain specific debts. Finally, the Bank asserts that it suffered monetary damages as a result of the Debtor's actions and that the Debtor is not entitled to a discharge of the indebtedness owed. These factual allegations are sufficient to survive the Debtor's motion to dismiss.

Therefore, upon review of the Bank's complaint and the exhibits attached

thereto, and upon consideration of the Debtor's motion to dismiss, the brief in support thereof, and the response of the Bank and its brief in support thereof, the Court will enter an order denying the Debtor's motion to dismiss.

# # #